**SCHOOL ELECTIONS: PETITIONS:** Petition Rules promulgated by the Secretary of State generally apply to petition for school district referendum. School district clerks should perform the functions of "filing officer under those rules.:" Minn Stat. §§ 204B.071, 205A.05, subd. 1, 205A.13 (2006); Minn. R. ch. 8205

185-b
(Cr.Ref. to 159-a-3)

June 15, 2007

Paul C. Ratwik
Julia H. Halbach
Ratwik, Roszak & Maloney, P.A.
Suite 300, 730 Second Avenue South
Minneapolis, MN 55402

Dear Mr. Ratwik and Ms. Halbach:

Thank you for your correspondence of April 24, 2007. In your letter you present the following facts:

## FACTS AND BACKGROUND

You state that in November, 2006, the voters of Independent School District No. 15 (the "District") passed a referendum authorizing the issuance of $6,500,000.00 in bonds to renovate the District's high school. The District sold the bonds on April 3, 2007, and began to solicit bids for the reconstruction project.

You state further that at its meeting on March 26, 2007, the School Board was presented with a petition for a special election. The petition presented two questions characterized as "bond questions." The first question asks whether the proceeds from the April 3 bond sale should be "reallocated to a new fund for the construction of a new 2,100 student high school." The second question calls for the approval by the voters of the District of $65,000,000 in general obligation bonds for the purpose of constructing a new high school. The petition was "filed" with the School Board, and requests that the questions be presented to the District's voters at the November, 2007 general election.

You state that, because the District includes areas in both Isanti and Anoka Counties, the District was uncertain who should serve as the "filing officer" for the petition pursuant to Minn. R. Ch. 8205 (2005) relating to the form, circulation, filing, and inspection of election-related petitions. The District contacted the Secretary of State's Office to determine if the Secretary of State was the proper filing officer. The Secretary of State responded that because the election is not "for an office," it is not the correct filing officer. As the District's counsel you have determined that the applicable statutes, rules, and case law are unclear as to who serves as the filing officer.

Based on this determination, the District submits the questions set forth below:

**QUESTION 1:**

Does Minn. R. ch. 8205 apply to "any petition required for any election in this state," as the Rules state? Specifically, does this Chapter apply to special school district elections relating to referendums?

**OPINION**

As qualified below we answer this question in the affirmative.

Minn. Stat. § 205A.05, subd. 1 (2006) provides in part:

> Special elections must be held for a school district on a question on which the voters are authorized by law to pass judgment. The school board may on its own motion call a special election to vote on any matter requiring approval of the voters of a district. Upon petition of 50 or more voters of the school district or five percent of the number of voters voting at the preceding regular school district election, the school board shall by resolution call a special election to vote on any matter requiring approval of the voters of a district. The election officials for a special election are the same as for the most recent school district general election unless changed according to law. Otherwise, special elections must be conducted and the returns made in the manner provided for the school district general election.

Minn. Stat. § 205A.13 (2006) provides:

> Any petition to a school board authorized in this chapter or sections 126C.17, 126C.40, 126C.41 to 126C.48, and 124D.22, or any other law which requires the board to submit an issue to referendum or election, shall meet the requirements provided in section 204B.071.

Minn. Stat. § 204B.071 (2006) provides:

> The secretary of state shall adopt rules governing the manner in which petitions required for any election in this state are circulated, signed, filed, and inspected. The secretary of state shall provide samples of petition forms for use by election officials.

Minn. R. 8205.1040 provides:

> Subpart 1. **Applicability.** This *part applies to any petition required for any election in this state*, including nominating petitions, recall petitions, and proposed recall petitions.

Subp. 2. **Definition of filing officer.** As used in this part and part 8205.1050, "filing officer" refers to:

A.    the county auditor *if a petition is for an office* to be voted upon only in one county; or

B.    the secretary of state *if a petition is for an office* to be voted on in more than one county.

Subp. 3. **Filing procedures.** The person filing the petition must submit the entire petition at one time to the filing officer. The petitioners may submit the petition by mail, messenger, or similar delivery service. Filing of a petition is effective upon receipt by the filing officer. Petition pages must not be altered by anyone except the filing officer for verification purposes after the petition has been filed.

Subp. 4. **Receipt.** The filing officer must provide the person filing the petition with a receipt for the petition. The receipt must include the type of petition filed; the name, address, and telephone number of the person submitting the petition; the date on which the petition was filed; and the total number of pages in the petition submitted.

(Emphasis added.)

As originally proposed Part 8205.1040 did not include a separate definition of the term "filing officer."[1] The present subpart 2 was added to the rule in response to the following statement in Finding 95 of the Report of the Administrative Law Judge on the Proposed Rules (copy enclosed):

---

[1] *See* Proposed Permanent Rules Relating to Elections, 24 State Register 1716, 1722 (2000). Election statutes themselves contain several references to the "filing officer" without providing a specific definition, apparently in the belief that the term's meaning can be determined from the context in which it appears. *See, e.g.,* Minn. Stat. §§ 10A.321, subd. 2; 10A.322, subd. 1(b); 204B.09, subd. 1a, subd. 3; 204B.10, subd. 5, 6; 204B.11, subd. 1; 204B.13, subd. 5, 6; 204C.35, subd. 2; 205.13, subd. 1b; 205A.06, subd. 1c (2006). The only statutory definition of the term that we have located also relies upon reference to other authorities to determine identity. *See* Minn. Stat. § 211A.01, subd. 7 (2006), relating to campaign finance reports, which provides:

"Filing officer" means the officer authorized by law to accept affidavits of candidacy or nominating petitions for an office or the officer authorized by law to place a ballot question on the ballot.

It appears that the identification of the "filing officer" will vary depending upon the precise nature of the petition being filed. Although the lack of a definition of *t* the "filing officer" does not render the proposed rules defective, the Secretary of State's Office may wish to consider incorporating a definition of this term into the proposed rules, or including a cross-reference to an existing definition. Such a modification, if made, would serve to clarify the application of the proposed rules, would be within the scope of the matter announced in the notice of hearing, and would be a logical outgrowth of the comments submitted during the rulemaking proceeding. Accordingly, it would not make the rule substantially different from the rule as originally proposed.

*Id.* Finding of Fact 95 at p. 20.

A footnote to that finding refers to Minn. Stat. § 204B.09, subd. 1 (2000) which related only to filing of affidavits of candidacy and nominating petitions for county, state and federal offices to be filled at the state general election and contained no reference to school district elections or to elections on ballot questions. Nevertheless, the Secretary of State, in adopting the final rules included 8205.1040, subp. 2 which basically duplicates the limited filing directions of section 204B.09, subd. 1. In the Order Adopting the Permanent Rules, the Secretary of State stated:

In accordance with Finding 95 of the Report, the Secretary has adopted the recommendation of the Administrative Law Judge by adding a new Subpart 2 to 8205.1040 reading "Subp. 2. Definition of filing officer. As used in this part and part 8205.1050 'filing officer' refers to: A. the county auditor if a petition is for an officer to be voted upon only in one county; or B. the secretary of state if a petition is for an office to be voted on in more than one county." To implement this recommendation, the Secretary added the cross-reference to part 8205.1050 since the term "filing officer" is used in that part as well. The Administrative Law Judge stated in Finding 95 that such a modification would not make the final rule substantially different from the rules as originally proposed.

25 State Register 616, 618 (2000) There is nothing in the rule-making record, however, to indicate any intent that those definitions were to apply to school district referendum petitions.

It is our opinion that the provisions of Minn. R. ch. 8205 apply to petitions for special school district referenda, to the extent that individual rules, as written, have relevance to such elections.[2] Indeed, section 205A.13 expressly states that petitions that require a school board to

---

[2] Accordingly, a petition for a school district referendum will be subject to those provisions of chapter 8205 that apply to petitions generally, but will not be subject to rules that, by their express terms, apply only to petitions for other types of elections.

call elections must meet the requirements of Minn. Stat. § 204B.071, and chapter 8205 contains rules adopted pursuant to that section.

Therefore, as so qualified, we answer your first question in the affirmative.

## QUESTION 2:

Who is the proper filing officer for a school district special election petition when the school district sits in more than one county? If neither the Secretary of State nor county auditor is the proper filing officer, does the School District clerk serve as the filing officer, and what is the authority for this conclusion?

It is clear from the plain language of Minn. R. 8205.1040, subp. 2 that the definitions of "filing officer" contained therein are not relevant to a petition for any election that does not involve any public office. Thus, it is our view that Minn. R. 8205.1040 simply does not provide an independent definition of the term for purposes of such elections. Consequently, the identity of the "filing officer" for school district referenda must be determined from other sources. *Cf. In re Referendum to Amend City of Grand Rapids, Minn. Munic. Election Ord. No. 04-08-11 2006 WL 1985595* (Minn. Ct. App.), wherein the court determined that, while the verification requirements of Minn. R. 8205.1050 applied to a petition for a municipal ordinance referendum, the definition of "filing officer" contained in Minn. R. 8205.1040, subp. 2 did not apply.

Unlike the language of Minn. Stat. § 205.07 addressed in the *Grand Rapids* case, section 205A.05 does not specify any particular official with whom a petition is to be filed. It merely requires a school board to call an election "[u]pon petition of fifty or more voters…" The section does, however, state that "the election officials for a special election are the same as for the most recent school districts general election." In that regard, the only school board official expressly designated to receive election-related filings is the clerk of the district. *See, e.g.,* Minn. Stat. §§ 123A.48, subd. 11 (petition for referendum on school district consolidation); 123B.94, subd. 2, (candidates for office - common school dist.); 128D.05, subd. 2 (petitions for referendum on election year change in Sp. Sch. Dist. #1); 203B.05, subd. 2 (application for absentee ballots); 204C.36, subd. 1 (request for election recount); 205A.06, subd. 1 (candidate affidavits); 205A.09, subd. 2 (petition for longer voting hours); and 209.02, subd. 3 (notice of election contest on ballot question).

As noted above, the only statutory definition of the term "filing officer" we have located defines it as the officer authorized by law to accept affidavits of candidacy or nominating petitions for an office or the officer authorized by law to place a ballot question on the ballot. See note 1, *supra*. In a school district, it is the clerk that accepts affidavits of candidacy, and also oversees placement of referendum questions on the ballot. *See,* Minn. Stat. § § 205A.06, 205A.08, subd. 4.

For the foregoing reasons it is in our opinion that the District Clerk is the appropriate official to perform the functions of the "filing officer" under Minn. R. Ch. 8205 for petitions submitted pursuant to Minn. Stat. § 205A.05.

Very truly yours,

LORI SWANSON
Attorney General

KENNETH E. RASCHKE, JR.
Assistant Attorney General

AG: #1815807